FEDERICO DIJOLS, Petitioner, v. ANDRÉS A. LUGO, WARDEN OF THE DISTRICT JAIL OF SAN JUAN, Respondent.

No. 127. Submitted March 1, 1941.—Decided April 15, 1941.

*Federico Dijols, pro se. George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney, and Luis Negrón Fernández, Assistant Prosecuting Attorney, for appellee.*

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

■■ This case was decided on February 6. On the seventeenth of that same month, the Prosecuting Attorney of this Court requested that the judgment be reconsidered, filing on March 1, an extensive brief in support of his petition. The grounds on which he bases his petition are the following:

"1.—That the evidence presented by the petitioner in this habeas corpus proceeding, was insufficient, as a question of law, to destroy the presumption of regularity which accompanies the judgment of the lower court.

"2.—That this Court, in giving credit to the testimony of the petitioner in open court, was induced to commit error by the peti-

tioner himself, through false statements which were not corroborated by any other evidence, or by the record itself. As a matter of fact these statements were in certain particulars contrary to said record, and the falsity and contradictions of said testimony appeared from the cross-examination to which the witness was subjected, and from the documents which were filed in the record of case No. 8330 of this Court.

"3.—That aside from the insufficiency of the testimony of the petitioner to overcome the presumption of regularity which accompanies the judgment here impeached, said testimony was not worthy of credit and almost constitutes a contempt of court because of its insinuations against the reputation of the trial judge and of other attorneys, the correctness of whose professional actions cannot, nor should be placed in doubt, nor open to investigation in a habeas corpus proceeding, where a judgment cannot be slightly set aside.

"4.—That aside from that which has been set above, the petitioner, in the trial in the lower court: (a) did not have the right, under the circumstances of the case, to have an attorney appointed; (b) if he had such a right, the defendant waived it intelligently."

The prosecuting attorney cites in his brief an opinion delivered by one of the Associate Justices of this Court in a case brought before him, in which opinion the other authorities which the prosecuting attorney invokes are studied and their scope is fixed. We refer to the opinion of Mr. Justice De Jesús, delivered while acting as judge in vacation on November 12, 1940, in *Ex parte Leonardo Santos Rosado,* which, in its relevant part reads as follows:

"It is true that in the case of *Johnson* v. *Zerbst,* 304 U. S. 458, on which petitioner mainly relies, it was held that unless a defendant had been assisted by counsel or had waived said right competently and intelligently, the court loses its jurisdiction, the judgment rendered against him is null and void and the defendant may secure his liberty through a writ of habeas corpus. But in the same case, on pages 468–469, the court also said that when the judgment of a court is attacked collaterally, the judgment is presumed to have been delivered with due regularity and in such cases the burden of proving that the defendant did not waive competently and intelligently his constitutional right to be assisted by counsel, falls upon the petitioner. See to the same effect *Forthoffer* v. *Swope, Warden,*

103 F. (2d) 707, 710, 711; *Nivens* v. *Hudspeth, Warden* 105 F. (2d) 756, 758, *Zan* v. *Hudspeth, Warden*, 102 F. (2d) 759, 762; and *Franzeen* v. *Johnston, Warden* (CCA 1940) 111 F. (2d) 817, 820, where, after setting forth the doctrine which we have mentioned above, the court adds:

" 'When we say "the burden of proof rests upon (petitioner) to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel," we mean that petitioner must make a showing sufficient to overcome the presumption of regularity which attaches to a judgment of a court. The petitioner's contention does not carry with it such quality of proof. Moreover, we do not hold that the record of the trial court must show affirmatively that the defendant was offered the assistance of counsel and that he refused (although this would be the better practice), since in so holding we would be shifting the burden of proof from petitioner to the court, upon a mere assertion of a petitioner. The defendant could have refused the court's offer of counsel and that fact still not appear of record.' "

We accept the construction of the law and the decisions which the opinion contains, but we do not agree that in accord with the same the reconsideration requested must be granted.

In our opinion of February 6 we analized the record admitted in evidence in order to give a background to the whole affair and in order to judge by the record itself the effect which the fact that the defendant had been assisted by able counsel would have had upon the administration of justice. We did not reverse the judgment of guilt rendered by the district court, within the habeas corpus proceeding. What we did within the latter proceeding was to decree the liberty of the petitioner because the court that had tried him had acted without jurisdiction.

Due to the sworn testimony of the petitioner, examined in connection with all the attendant circumstances, the conviction grew up on us that the district court, although it could and should have done it, did not appoint an attorney to defend the accused, nor informed him of his right to have

one appointed, nor did the defendant waive said right intelligently. His apparent ability in details, merely served to emphasize his complete lack of knowledge with respect to the case on its merits. Pretention and not real knowledge was revealed by his attitude.

We acknowledge that we are dealing with an extreme case which is on the border line, and might have been decided one way or the other and that in our position the merits of the case as it appeared from the record, and our wish to impart justice, turned the scale in defendant's favor. But this does not mean that we deviated from the well established rules of the law and the decisions. If the circumstance that an attorney was not appointed to defend the accused had not existed as the basic fact in this case, we would not have collaterally taken into consideration the merits of the case.

The reconsideration requested is denied.